IN THE SUPREME COURT OF MISSISSIPPI
NO. 1999-DP-00769-SCT

*RODERICK ESKRIDGE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/26/1999 |
| TRIAL JUDGE: | HON. C. E. MORGAN, III |
| COURT FROM WHICH APPEALED: | GRENADA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LELAND H. JONES, III |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  MARVIN L. WHITE, JR. |
| | LESLIE S. LEE |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CRIMINAL - DEATH PENALTY - DIRECT APPEAL |
| DISPOSITION: | AFFIRMED - 06/29/2000 |
| MOTION FOR REHEARING FILED: | 7/10/2000; denied 8/24/2000 |
| MANDATE ISSUED: | 8/31/2000 |

**EN BANC.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. This capital murder and armed robbery case was tried on the sentencing phase after a guilty plea was entered by Appellant Roderick Eskridge ("Eskridge"). Eskridge was convicted on January 26, 1999, in Attala County[1], Mississippi and was sentenced to death by lethal injection. Eskridge raises one issue, namely that the trial court failed to allow the testimony of a psychologist who had not examined him but was expected to testify concerning what life would be like for a minor in prison for life without the possibility of parole. We rejected similar arguments in ***Hansen v. State***, 592 So.2d 114 (Miss. 1991) and ***Wilcher v. State***, 697 So.2d 1123 (Miss. 1997) and do so again today, thereby affirming his conviction and sentence.

**I.**

¶2. On December 1, 1997, in Grenada County, Mississippi, Jackie Hardiman asked Terry Yates and Krishun Williams to give her a ride home. On the way, Yates picked up three other people, one of which was Eskridge. Eskridge pointed a gun at Hardiman's head and told her to give him all the money she had, which she promptly did. Hardiman was then driven to Grenada Lake and ordered to remove all of her clothes. Hardiman fled into the woods as gunshots were fired. Two campers in the area gave Hardiman clothes and notified police.

¶3. On the same night, the body of Cheryl Johnson was found in the nearby woods. Johnson was 34 years

old and mentally retarded. Johnson had been shot in the chest with an exit wound in her back. An autopsy revealed that the barrel of the gun would have been in contact with the skin when fired. It was also the opinion of the pathologist that Johnson would have remained conscious for 15-20 minutes after being shot.

¶4. Investigators interviewed Krishun Williams, who had last seen Johnson. As a result, Derek Williams was arrested, followed by Eskridge. Eskridge was arrested at his girlfriend's apartment, and a .32 caliber pistol with ammunition were found on the dresser in the bedroom. Ballistics tests showed that the gun was the one used to kill Johnson.

¶5. Eskridge was advised of his rights and gave two statements to the police. He admitted that after robbing Jackie Hardiman, they kidnapped Cheryl Johnson and went to her mother's house to get some money. Afterwards, they drove into the woods and forced Johnson out of the car, robbed her and forced her to undress. In Eskridge's second statement he admitted that he had the gun, took off Johnson's bra and robbed her of her money. When Johnson followed Eskridge back to the car asking for a ride home, Eskridge turned around and shot her in the chest.

¶6. The driver of the car, Terry Yates, confirmed that Eskridge had the gun and shot Johnson. He stated that Johnson pleaded for Eskridge not to kill her when he shot her. He also stated that Hardiman and Johnson were targeted because it was the first of the month and they were expecting support checks. According to Yates, the money stolen from Johnson was used to purchase marijuana for the whole group. Williams also told police that Eskridge was the triggerman and received the money from Johnson, as well as being the person who held the gun to Hardiman's head.

## II.

## STANDARD OF REVIEW

¶7. The relevancy and admissibility of evidence are largely within the discretion of the trial judge. Only if the trial judge abuses this discretion will his decision be reversed. *Underwood v. State*, 708 So.2d 18, 31 (Miss. 1998).

## III.

### A. WHETHER THE TRIAL COURT ERRED IN REFUSING TO ALLOW A DEFENSE EXPERT IN PSYCHOLOGY TO TESTIFY AT SENTENCING CONCERNING THE EFFECTS OF A LIFE SENTENCE ON YOUNG OFFENDERS.

¶8. Eskridge voluntarily pled guilty to armed robbery and capital murder. Therefore, his only assignment of error on appeal relates to the sentencing phase of his trial. Eskridge alleges that the trial court erred by refusing to allow the testimony of a psychologist regarding "the emotional, psychological and physical effects of imprisonment upon an individual."

¶9. During the sentencing stage of Eskridge's trial, the defense offered the testimony of Dr. Michael Whelan, a psychologist from Greenwood, Mississippi. His testimony was offered, Eskridge argues, because his capacity as a psychologist for the Mississippi State Penitentiary at Parchman gave him a unique perspective into the lives of long-term prisoners.

¶10. Eskridge argues that "[e]xpert testimony is admissible where it will assist the trier of fact to understand

the evidence or to determine a fact in evidence." *Simmons v. State*, 722 So.2d 666, 672 (Miss. 1998) (citing *Lentz v. State*, 604 So.2d 243, 246 (Miss. 1992)).

> In considering the admissibility of an expert's testimony, we ask: "[i]s the field of expertise one in which it has been scientifically established that due investigation and study in conformity with techniques and practices generally accepted within the field will produce a valid opinion? Where the answer to this question is in the affirmative, we generally allow expert testimony."

*Wilson v. State*, 574 So.2d 1324, 1334 (Miss. 1990)(quoting *House v. State*, 445 So.2d 815, 822 (Miss. 1984)). Eskridge points out that *House* also provides that "[i]ndeed, within a wide range of contexts we have allowed expert opinion testimony from properly qualified psychiatrists and psychologists." *House*, 445 So.2d at 822.

¶11. Eskridge contends that under a plain reading of M.R.E. 702, the proffered testimony of Dr. Whelan was relevant to a factual determination of the sole issue in this case: whether to impose the death penalty upon Eskridge. Eskridge claims that the inadmissibility ruling was in error and constituted an abuse of discretion by the trial court.

¶12. The State submits that Dr. Whelan's status as an expert in psychology is immaterial and the proffered testimony irrelevant. It points to the explanation defense counsel gave regarding the nature of Dr. Whelan's testimony to the trial court:

> BY MR. STUCKEY [for Eskridge]: Now, I have subpoenaed - - the defense has subpoenaed Dr. Whelan to testify *in generalities, because he has not examined the defendant or any records of the defendant. He would testify to the mental, emotional consequences of someone sentenced to a long term in the penitentiary.* What effect that has on that person mentally, emotionally. How that person operates and can operate on a daily basis knowing that he would never be released from the penitentiary. That type of testimony all in a effort to somehow be able to compare what a life without parole sentence is to a death sentence. That would be the purpose of this testimony.

> BY THE COURT: *Have you got any authority for that type of testimony?*

> BY MR. STUCKEY*: I have looked, and I can't find any.*

> BY MR. EVANS [for the State]: May I proceed, Your Honor? Our response to this is this is very similar to the *Wilcher* case. In that case the court said the defendant is not entitled to introduce photographs of Parchman, death row or maximum security units and that testimony of former prison officials describing the harshness of life sentence in the penitentiary. The evidence has no relation to the defendant's character, his record or circumstances of the crime. And I say this would be almost identical type testimony to that and therefore it would not be relevant. And this is *Wilcher v. State*, 697 So.2d 1123.

¶13. The trial court found this testimony to be analogous to that in *Wilcher* and declared it inadmissible. The State submits that this type of testimony is clearly irrelevant. Such testimony would only be admissible if it relates to the character and background of the defendant and the circumstance surrounding the crime that would be mitigating. See *Tuilaepa v. California*, 512 U.S. 967, 114 S.Ct. 2630, 129 L. Ed. 2d 750, 762 (1994)(circumstances of a particular offense are constitutionally indispensable parts of the process of inflicting the penalty of death); *Woodson v. North Carolina*, 428 U.S. 280, 96 S.Ct. 2978, 49 L. Ed. 2d

944 (1976). However, there is no proof here that such testimony would fall into that category.

¶14. In *Hansen v. State*, 592 So.2d 114, 147 (Miss. 1991), Hansen argued that the circuit court erred in refusing to allow opinion testimony of a prison counselor that Hansen would adapt well to prison life in the future. The counselor had become acquainted with Hansen while Hansen was incarcerated in the Florida correctional system. Hansen cited *Skipper v. South Carolina*, 476 U.S. 1, 5, 106 S.Ct. 1669, 1671, 90 L. Ed. 2d 1, 7 (1986), wherein the Court wrote:

> [E]vidence that the defendant would not pose a danger if spared (but incarcerated) must be considered potentially mitigating.

While this Court took note of its prior acceptance of this rule, it held that speculative opinion testimony of how a defendant may adapt to prison life in the future is not admissible unless the expert is qualified and accepted in the field of predicting future behavior. *Hansen*, 592 So.2d at 147.

¶15. In the present case, Dr. Whelan was not offered as an expert in predicting future behavior. The proffer stated that he would testify only to generalities. In addition, unlike the prison counselor in *Hansen*, Dr. Whelan had never even examined Eskridge or any of his records. Such testimony would have been irrelevant. Taking into consideration that Dr. Whelan was not qualified as an expert in predicting future behavior and had not even met with Eskridge, his testimony would not have assisted the trier of fact in making a determination of fact or understand the evidence pursuant to M.R.E. 702.

## IV.

## **CONCLUSION**

¶16. After confessing to the robbery and killing of Cheryl Johnson to his girlfriend, arresting deputies and his mother, Eskridge pled guilty, apparently in hopes of leniency from the jury. This trial strategy did not work in his favor. Although he was only seventeen (17) years old at the time of the crime, we have held before that minors can be treated as adults in such circumstances and are allowed to waive their rights and confess to a crime. *Clemons v. State*, 733 So.2d 266, 269 (Miss. 1999)(Court held that 14-year-old defendant voluntarily gave confession and intelligently waived his rights). As a result, Eskridge could only find one issue to appeal to this Court. We find no proof that the trial judge abused his discretion in refusing to admit Dr. Whelan's testimony.

¶17. Pursuant to Miss. Code Ann. § 99-19-105(3)(Supp. 1999), in addition to reviewing the merits of those issues raised by Eskridge, this Court is required to determine:

> (a) Whether the sentence of death was imposed under the influence of passion, prejudice or any other arbitrary factor;

> (b) Whether the evidence supports the jury's or judge's finding of a statutory aggravating circumstance as enumerated in Section 99-19-101; and

> (c) Whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant.

¶18. Other capital murder cases decided by this Court, particularly *Hansen v. State*, 592 So.2d 114

(Miss. 1991) and *[Wilcher v. State](#)*, 697 So.2d 1123 (Miss. 1997), have been reviewed and compared to the instant case. We find that the sentence of death in this case was not influenced by passion, prejudice or any other arbitrary factor. Further, the evidence supports the jury's findings of statutory aggravating circumstances as enumerated in Miss. Code Ann. § 99-19-105(5)(Supp. 1999). Finally, the sentence of death in this case is neither excessive nor disproportionate to those cases in which such sentence has been imposed and upheld.[2] Eskridge's conviction of capital murder and sentence of death are supported by substantial evidence in the record. Eskridge pled guilty to armed robbery and capital murder. He received a fair sentencing hearing. Therefore, we affirm Eskridge's conviction and sentence and the judgment of the Grenada County Circuit Court.

¶19. **CONVICTION OF CAPITAL MURDER AND SENTENCE OF DEATH BY LETHAL INJECTION AFFIRMED. EXECUTION DATE TO BE SET WITHIN SIXTY DAYS OF FINAL DISPOSITION OF THIS CASE PURSUANT TO MISS. CODE ANN. § 99-19-105(7)(Supp. 1999) AND [M.R.A.P. 41(a)](#).**

**PRATHER, C.J., PITTMAN AND BANKS, P.JJ., SMITH, WALLER, COBB AND DIAZ, JJ., CONCUR. MILLS, J., NOT PARTICIPATING.**

## APPENDIX

## DEATH CASES AFFIRMED BY THIS COURT

*McGilberry v. State,* 741 So. 2d 894 (Miss. 1999)*.*

*Puckett v. State,* 737 So. 2d 322 (Miss. 1999). *remanded for *Batson* hearing.

*Manning v. State,* 735 So. 2d 323 (Miss. 1999). *remanded for *Batson* hearing.

*Turner v. State,* 732 So. 2d 937 (Miss. 1999).

*Smith v. State,* 729 So. 2d 1191 (Miss. 1998).

*Burns v. State,* 729 So. 2d 203 (Miss. 1998).

*Jordan v. State,* 728 So. 2d 1088 (Miss. 1998).

*Gray v. State,* 728 So. 2d 36 (Miss. 1998).

*Manning v. State,* 726 So. 2d 1152 (Miss. 1998).

*Woodward v. State,* 726 So. 2d 524 (Miss. 1997).

*Bell v. State,* 725 So. 2d 836 (Miss. 1998).

*Evans v. State,* 725 So. 2d 613 (Miss. 1997).

*Brewer v. State,* 725 So. 2d 106 (Miss. 1998).

*Crawford v. State,* 716 So. 2d 1028 (Miss. 1998).

*Doss v. State,* 709 So. 2d 369 (Miss. 1996).

*Underwood v. State,* 708 So. 2d 18 (Miss. 1998).

*Holland v. State,* 705 So. 2d 307 (Miss. 1997).

*Wells v. State,* 698 So. 2d 497 (Miss. 1997).

*Wilcher v. State,* 697 So. 2d 1123 (Miss. 1997).

*Wilcher v. State,* 697 So. 2d 1087 (Miss. 1997).

*Wiley v. State,* 691 So. 2d 959 (Miss. 1997).

*Brown v. State*, 690 So. 2d 276 (Miss. 1996).

*Simon v. State*, 688 So. 2d 791 (Miss.1997).

*Jackson v. State*, 684 So. 2d 1213 (Miss. 1996).

## DEATH CASES AFFIRMED BY THIS COURT

### (continued)

*Williams v. State,* 684 So. 2d 1179 (Miss. 1996).

*Davis v. State,* 684 So. 2d 643 (Miss. 1996).

*Taylor v. State*, 682 So. 2d. 359 (Miss. 1996).

*Brown v. State*, 682 So. 2d 340 (Miss. 1996).

*Blue v. State*, 674 So. 2d 1184 (Miss. 1996).

*Holly v. State*, 671 So. 2d 32 (Miss. 1996).

*Walker v. State*, 671 So. 2d 581(Miss. 1995).

*Russell v. State*, 670 So. 2d 816 (Miss. 1995).

*Ballenger v. State*, 667 So. 2d 1242 (Miss. 1995).

*Davis v. State*, 660 So. 2d 1228 (Miss. 1995).

*Carr v. State*, 655 So. 2d 824 (Miss. 1995).

*Mack v. State*, 650 So. 2d 1289 (Miss. 1994).

*Chase v. State*, 645 So. 2d 829 (Miss. 1994).

*Foster v. State*, 639 So. 2d 1263 (Miss. 1994).

*Conner v. State*, 632 So. 2d 1239 (Miss. 1993).

*Hansen v. State*, 592 So. 2d 114 (Miss. 1991).

***Shell v. State***, 554 So. 2d 887 (Miss. 1989), ***Shell v. Mississippi,*** 498 U.S. 1 (1990) reversing, in part, and remanding, ***Shell v. State***, 595 So. 2d 1323 (Miss. 1992) remanding for new sentencing hearing.

*Davis v. State*, 551 So. 2d 165 (Miss. 1989).

*Minnick v. State*, 551 So. 2d 77 (Miss. 1989).

***Pinkney v. State***, 538 So. 2d 329 (Miss. 1989), ***Pinkney v. Mississippi***, 494 U.S. 1075 (1990) vacating and remanding ***Pinkney v. State***, 602 So. 2d 1177 (Miss. 1992) remanding for new sentencing hearing.

## DEATH CASES AFFIRMED BY THIS COURT

### (continued)

***Clemons v. State***, 535 So. 2d 1354 (Miss. 1988), ***Clemons v. Mississippi***, 494 U.S. 738 (1990) vacating and remanding, ***Clemons v. State***, 593 So. 2d 1004 (Miss. 1992) remanding for new sentencing hearing.

*Woodward v. State*, 533 So. 2d 418 (Miss. 1988).

*Nixon v. State*, 533 So. 2d 1078 (Miss. 1987).

*Cole v. State*, 525 So. 2d 365 (Miss. 1987).

*Lockett v. State*, 517 So. 2d 1346 (Miss. 1987).

*Lockett v. State*, 517 So. 2d 1317 (Miss. 1987).

*Faraga v. State*, 514 So. 2d 295 (Miss. 1987).

***Jones v. State***, 517 So. 2d 1295 (Miss. 1987)***, Jones v. Mississippi***, 487 U.S. 1230 (1988) vacating and remanding, ***Jones v. State***, 602 So. 2d 1170 (Miss. 1992) remanding for new sentencing hearing.

*Wiley v. State*, 484 So. 2d 339 (Miss. 1986).

*Johnson v. State*, 477 So. 2d 196 (Miss. 1985).

*Gray v. State*, 472 So. 2d 409 (Miss. 1985).

*Cabello v. State*, 471 So. 2d 332 (Miss. 1985).

*Jordan v. State*, 464 So. 2d 475 (Miss. 1985).

*Wilcher v. State*, 455 So. 2d 727 (Miss. 1984).

*Billiot v. State*, 454 So. 2d 445 (Miss. 1984).

*Stringer v. State*, 454 So. 2d 468 (Miss. 1984).

*Dufour v. State*, 453 So. 2d 337 (Miss. 1984).

*Neal v. State*, 451 So. 2d 743 (Miss. 1984).

## DEATH CASES AFFIRMED BY THIS COURT

### (continued)

*Booker v. State*, 449 So. 2d 209 (Miss. 1984).

*Wilcher v. State*, 448 So. 2d 927 (Miss. 1984).

*Caldwell v. State*, 443 So. 2d 806 (Miss. 1983).

*Irving v. State*, 441 So. 2d 846 (Miss. 1983).

*Tokman v. State*, 435 So. 2d 664 (Miss. 1983).

*Leatherwood v. State*, 435 So. 2d 645 (Miss. 1983).

*Hill v. State*, 432 So. 2d 427 (Miss. 1983).

*Pruett v. State*, 431 So. 2d 1101 (Miss. 1983).

*Gilliard v. State*, 428 So. 2d 576 (Miss. 1983).

*Evans v. State*, 422 So. 2d 737 (Miss. 1982).

*King v. State*, 421 So. 2d 1009 (Miss. 1982).

*Wheat v. State*, 420 So. 2d 229 (Miss. 1982).

*Smith v. State*, 419 So. 2d 563 (Miss. 1982).

*Johnson v. State*, 416 So. 2d 383 (Miss.1982).

*Edwards v. State*, 413 So. 2d 1007 (Miss. 1982).

*Bullock v. State*, 391 So. 2d 601 (Miss. 1980).

*Reddix v. State*, 381 So. 2d 999 (Miss. 1980).

*Jones v. State*, 381 So. 2d 983 (Miss. 1980).

*Culberson v. State*, 379 So. 2d 499 (Miss. 1979).

*Gray v. State*, 375 So. 2d 994 (Miss. 1979).

*Jordan v. State*, 365 So. 2d 1198 (Miss. 1978).

*Voyles v. State*, 362 So. 2d 1236 (Miss. 1978).

*Irving v. State*, 361 So. 2d 1360 (Miss. 1978).

*Washington v. State*, 361 So. 2d 6l (Miss. 1978).

## DEATH CASES AFFIRMED BY THIS COURT

### (continued)

*Bell v. State*, 360 So. 2d 1206 (Miss. 1978).

* Case was originally affirmed in this Court but on remand from U. S. Supreme Court,case was remanded by this Court for a new sentencing hearing.

## DEATH CASES REVERSED AS TO GUILT PHASE

## AND SENTENCE PHASE

*Edwards v. State,* 737 So. 2d 275 (Miss. 1999).

*Smith v. State,* 733 So. 2d 793 (Miss. 1999).

*Porter v. State,* 732 So.2d 899 (Miss. 1999).

*Kolberg v. State,* 704 So. 2d 1307 (Miss. 1997).

*Snelson v. State,* 704 So. 2d 452 (Miss. 1997).

*Fusilier v. State,* 702 So. 2d 388 (Miss. 1997).

*Howard v. State,* 701 So. 2d 274 (Miss. 1997).

*Lester v. State,* 692 So. 2d 755 (Miss. 1997).

*Hunter v. State*, 684 So. 2d 625 (Miss. 1996).

*Lanier v. State*, 684 So. 2d 93 (Miss. 1996).

*Giles v. State,* 650 So. 2d 846 (Miss. 1995).

*Duplantis v. State*, 644 So. 2d 1235 (Miss. 1994).

*Harrison v. State*, 635 So. 2d 894 (Miss. 1994).

*Butler v. State*, 608 So. 2d 314 (Miss. 1992).

*Jenkins v. State*, 607 So. 2d 1171 (Miss. 1992).

*Abram v. State*, 606 So. 2d 1015 (Miss. 1992).

*Balfour v. State*, 598 So. 2d 731 (Miss. 1992).

*Griffin v. State*, 557 So. 2d 542 (Miss. 1990).

*Bevill v. State*, 556 So. 2d 699 (Miss. 1990).

*West v. State*, 553 So. 2d 8 (Miss. 1989).

*Leatherwood v. State*, 548 So. 2d 389 (Miss. 1989).

*Mease v. State*, 539 So. 2d 1324 (Miss. 1989).

*Houston v. State*, 531 So. 2d 598 (Miss. 1988).

*West v. State*, 519 So. 2d 418 (Miss. 1988).

## DEATH CASES REVERSED AS TO GUILT PHASE

## AND SENTENCE PHASE

### (continued)

*Davis v. State*, 512 So. 2d 129l (Miss. 1987).

*Williamson v. State*, 512 So. 2d 868 (Miss. 1987).

*Foster v. State*, 508 So. 2d 1111 (Miss. 1987).

*Smith v. State*, 499 So. 2d 750 (Miss. 1986).

*West v. State*, 485 So. 2d 681 (Miss. 1985).

*Fisher v. State*, 481 So. 2d 203 (Miss. 1985).

*Johnson v. State*, 476 So. 2d 1195 (Miss. 1985).

*Fuselier v. State*, 468 So. 2d 45 (Miss. 1985).

*West v. State*, 463 So. 2d 1048 (Miss. 1985).

*Jones v. State*, 461 So. 2d 686 (Miss. 1984).

*Moffett v. State*, 456 So. 2d 714 (Miss. 1984).

*Lanier v. State*, 450 So. 2d 69 (Miss. 1984).

*Laney v. State*, 421 So. 2d 1216 (Miss. 1982).

## DEATH CASES REVERSED

## AS TO PUNISHMENT AND REMANDED

## FOR RESENTENCING TO LIFE IMPRISONMENT

*Reddix v. State*, 547 So. 2d 792 (Miss. 1989).

*Wheeler v. State*, 536 So. 2d 1341 (Miss. 1988).

*White v. State*, 532 So. 2d 1207 (Miss. 1988).

*Bullock v. State*, 525 So. 2d 764 (Miss. 1987).

*Edwards v. State*, 441 So. 2d 84 (Miss. l983).

*Dycus v. State*, 440 So. 2d 246 (Miss. 1983).

*Coleman v. State*, 378 So. 2d 640 (Miss. 1979).

# DEATH CASES REVERSED AS TO
# PUNISHMENT AND REMANDED FOR A NEW TRIAL
# <u>ON SENTENCING PHASE ONLY</u>

*Walker v. State,* 740 So.2d 873 (Miss. 1999).

*Watts v. State,* 733 So.2d 214 (Miss. 1999).

*West v. State,* 725 So. 2d 872 (Miss. 1998).

*Smith v. State*, 724 So. 2d 280 (Miss. 1998).

*Berry v. State,* 703 So. 2d 269 (Miss. 1997).

*Booker v. State*, 699 So. 2d 132 (Miss. 1997).

*Taylor v. State*, 672 So. 2d 1246 (Miss. 1996).

*\*Shell v. State*, 554 So. 2d 887 (Miss. 1989), *Shell v. Mississippi*, 498 U.S. 1 (1990) reversing, in part, and remanding, *Shell v. State* 595 So. 2d 1323 (Miss. 1992) remanding for new sentencing hearing.

*\*Pinkney v. State*, 538 So. 2d 329 (Miss. 1989), *Pinkney v. Mississippi,* 494 U.S. 1075 (1990) vacating and remanding, *Pinkney v. State*, 602 So. 2d 1177 (Miss. 1992) remanding for new sentencing hearing.

*\*Clemons v. State*, 535 So. 2d 1354 (Miss. 1988), *Clemons v. Mississippi*, 494 U.S. 738 (1990) vacating and remanding, *Clemons v. State*, 593 So. 2d 1004 (Miss. 1992) remanding for new sentencing hearing.

*\*Jones v. State*, 517 So. 2d 1295 (Miss. 1987), *Jones v. Mississippi,* 487 U.S. 1230 (1988) vacating and remanding, *Jones v. State*, 602 So. 2d 1170 (Miss. 1992) remanding for new sentencing hearing.

*Russell v. State*, 607 So. 2d 1107 (Miss. 1992).

*Holland v. State*, 587 So. 2d 848 (Miss. 1991).

*Willie v. State*, 585 So. 2d 660 (Miss. 1991).

*Ladner v. State*, 584 So. 2d 743 (Miss. 1991).

*Mackbee v. State*, 575 So. 2d 16 (Miss. 1990).

*Berry v. State*, 575 So. 2d 1 (Miss. 1990).

## DEATH CASES REVERSED AS TO

## PUNISHMENT AND REMANDED FOR A NEW TRIAL

## <u>ON SENTENCING PHASE ONLY</u>

### <u>(continued)</u>

*Turner v. State*, 573 So. 2d 657 (Miss. 1990).

*State v. Tokman*, 564 So. 2d 1339 (Miss. 1990).

*Johnson v. State*, 547 So. 2d 59 (Miss. 1989).

*Williams v. State*, 544 So. 2d 782 (Miss. 1989); *sentence aff'd* 684 So. 2d 1179 (1996).

*Lanier v. State*, 533 So. 2d 473 (Miss. 1988).

*Stringer v. State*, 500 So. 2d 928 (Miss. 1986).

*Pinkton v. State*, 481 So. 2d 306 (Miss. 1985).

*Mhoon v. State*, 464 So. 2d 77 (Miss. 1985).

*Cannaday v. State*, 455 So. 2d 713 (Miss. 1984).

*Wiley v. State*, 449 So. 2d 756 (Miss. 1984); resentencing affirmed, *Wiley v. State*, 484 So. 2d 339 (Miss. 1986), *cert. denied Wiley v. Mississippi*, 479 U.S. 1036 (1988); resentencing ordered, *Wiley v. State*, 635 So. 2d 802 (Miss. 1993) following writ of habeas corpus issued pursuant to *Wiley v. Puckett*, 969 So. 2d 86, 105-106 (5th Cir. 1992); resentencing affirmed, *Wiley v. State*, 95-DP-00149, February 13, 1997 (rehearing pending).

*Williams v. State*, 445 So. 2d 798 (Miss. 1984).

\* Case was originally affirmed in this Court but on remand from U. S. Supreme Court, case was remanded by this Court for a new sentencing hearing.

---

1. Eskridge was indicted in Grenada County and venue was later transferred to Attala County.

2. *[Holly v. State](#)*, 716 So.2d 979 (Miss. 1998).