McRAE, Presiding Justice,
Dissenting:
¶ 33. This is a no contest matter. R.B. has no living parents or legal guardian, and her custodial parent (grandparent), V.D., gives her consent to the abortion. R.B. has no one left from whom to obtain consent besides her grandmother. In addition, R.B. testified that the abortion pro *837 cedure would take place in Memphis, Tennessee, and these laws are controlling, not the laws of our state. Accordingly, I dissent.
¶ 34. Miss.Code Ann. § 41-41-53(3X1993) states:
A minor who elects not to seek or does not obtain consent from her parents or legal guardian under this section may petition, on her own behalf or by next friend, the chancery court in the county in which the minor resides or in the county in which the abortion is to be performed for a waiver of the consent requirement of this section pursuant to the procedures of Section 41-41-55.
¶ 35. This statute presupposes that the abortion will be performed in this state, and it has no authority outside of this state. If R.B. is to get the abortion in Tennessee, then those laws are applicable, not the laws of Mississippi. Both of R.B.’s parents are dead, and she does not have a legal guardian. She has been living with her grandmother, V.D., since 1993, who stands in loco parentis. R.B. has complied with the above statute as her grandmother helped R.B. bring this matter before the chancery court as R.B.’s next friend. V.D. also testified at the proceedings that she thinks an abortion would be in R.B.’s best interest. R.B. and the custodial parent (grandparent) are not at odds about this decision. Since R.B. has no one left from whom she may obtain the proper consent as required by § 41-41-53 and since her grandmother gives her consent to the procedure, the chancellor’s decision should be reversed and R.B. should be granted this waiver, but only if the abortion is to be done in Mississippi.
¶ 36. The majority makes a subjective conclusion that she is not mature enough to consent, but when a seventeen-year-old is asked to waive constitutional rights in a criminal case, the majority never looks at the maturity of the minor. See Eskridge v. State, 765 So.2d 508, 511 (Miss.2000) (capital murder case in which seventeen-year-old’s confession and subsequent guilty plea were affirmed); Clemons v. State, 733 So.2d 266, 269 (Miss.1999) (fourteen-year-old defendant voluntarily gave confession and intelligently waived his rights); see also Woodham v. State, 779 So.2d 158, 161 (Miss.2001) (validity of sixteen-year-old defendant’s confession was affirmed; “[T]he age of the minor is seldom per se conclusive in deciding whether a confession was freely and voluntarily given.” (citing In re W.R.A., 481 So.2d 280, 286 (Miss.1985)).
¶ 37. The foregoing criminal case law stands in stark contrast with the language now cited by the majority. “[DJuring the formative years of childhood and adolescence, minors often lack the experience, perspective, and judgment to recognize and avoid choices that could be detrimental to them.” (citing Bellotti v. Baird, 443 U.S. 622, 634, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979)). “Not only is it difficult to define, let alone determine, maturity, but also the fact that a minor may be very much an adult in some respects does not mean that his or her need and opportunity for growth under parental guidance and discipline have ended.” Id. at 643 n. 23.
¶ 38. To put the preceding quotation in context, the United States Supreme Court prefaced it with the following:
Indeed, considering her probable education, employment skills, financial resources, and emotional maturity, unwanted motherhood may be exceptionally burdensome for a minor. In addition, the fact of having a child brings with it adult legal responsibility, for parenthood, like attainment of the age of majority, is one of the traditional criteria for the termination of the legal disabilities of minority. In sum, there are few situations in *838 which denying a minor the right to make an important decision will have consequences so grave and indelible.
Bellotti v. Baird, 443 U.S. at 642, 99 S.Ct. 3035.
¶ 39. Furthermore, the position now taken by the majority is wholly inconsistent with the majority’s recent position in In re J.M.M., No. 1999-CA-01346-SCT, — So.2d —, 2001 WL 723191 (Miss. June 28, 2001). In that case, a sixteen year old girl concealed her pregnancy until the day she gave birth in her parents’ home. Her father, having just learned of the pregnancy, told her that she could not bring the baby into their home. The adoption agency was contacted, and that very day visited the sixteen-year-old mother at her hospital bedside. The next day, as she was discharged, an employee from the agency met her in the parking lot of the hospital and took custody of J.M.M. The adoption was finalized a mere 25 days after the birth. The majority went on to hold that the mother was not under undue influence, and that she knowingly and voluntarily waived her parental rights without so much as a guardian ad litem to speak for the child or her.
¶ 40. J.M.M. is irreconcilable with the case at bar, wherein the majority denies R.B. the right to an abortion because her decision is the “product of impulse.” It is unclear to me how we can say that a sixteen-year-old under obvious and severe strain is mature enough to make the decision to forfeit her child within days of giving birth, while on the other hand saying that a seventeen-year-old who has had months to make her decision is not mature enough.
¶ 41. The majority fails to recognize that the abortion will take place in Tennessee and that our laws are inapplicable in this matter. Even so, Miss. Code Ann. § 41-41-53 provides the manner in which R.B. may bring her petition, and R.B. complied with these requirements.
¶ 42. For the above reasons, I dissent.