# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01389-COA

| | |
|---|---|
| OWEN J. BRADLEY AND MARGARET M. BRADLEY | APPELLANTS |

v.

| | |
|---|---|
| DIAMONDHEAD COUNTRY CLUB AND PROPERTY OWNERS ASSOCIATION INC. | APPELLEE |

DATE OF JUDGMENT:        09/13/2017
TRIAL JUDGE:        HON. LAWRENCE PAUL BOURGEOIS JR.
COURT FROM WHICH APPEALED:        HANCOCK COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:        OWEN J. BRADLEY
ATTORNEYS FOR APPELLEE:        RICHARD B. TUBERTINI
        DAVID W. CRANE
NATURE OF THE CASE:        CIVIL - PERSONAL INJURY
DISPOSITION:        AFFIRMED - 04/30/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., WESTBROOKS AND LAWRENCE, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1. Owen and Margaret Bradley appeal a final judgment from the Hancock County Circuit Court granting the Diamondhead Country Club and Property Owners Association's motion for summary judgment and alternative motion for partial summary judgment. After review of the record, we affirm.

## FACTS

¶2. On February 9, 2013, around noon, Owen Bradley and his wife, Margaret, were walking on a pathway leaving their Lanai Village condominium headed toward the Diamondhead Country Club swimming pool when Bradley stepped partially off the path with

his right foot, causing him to fall onto the edge of the pathway. Margaret was walking slightly ahead of Bradley and stated she did not see him fall. The drop-off on the side of the walkway was approximately four inches.[1] Six weeks prior to the accident, the walkway had been resurfaced and overlaid with asphalt creating the drop-off.

¶3. After the fall, Bradley was taken by ambulance to Ochsner Hospital in Slidell, Louisiana. At the hospital, it was determined that Bradley had a comminuted left-intertrochanteric femur fracture. As a result, Bradley had an eighteen-inch metal rod surgically screwed into his pelvis that ran through his femur extending to his knee. He stayed in the hospital for seven days, and he also required extensive physical therapy for months after the incident.

¶4. On June 23, 2014, Bradley filed a negligence complaint against Diamondhead Country Club and Property Owners Association (DPOA) and Warren Paving Co., requesting $1,500,000 in damages. Additionally, Bradley filed, on behalf of Margaret, a loss of consortium claim attached to his lawsuit.

¶5. Soon after, Bradley voluntarily dismissed Warren Paving Co., agreeing that they held no contractual obligation to ensure that the pathway was level. In response to the complaint, DPOA filed a motion for summary judgment or alternatively a motion for partial summary judgment. Bradley countered by submitting two affidavits: an initial affidavit and a supplemental affidavit provided by his expert witness, Charles Turnbow. The court struck Turnbow's affidavits, stating they would not be admissible at trial under Mississippi Rules

---

[1] Both parties agree the drop-off was four-inches.

of Evidence 702 and 403 and subsequently granted DPOA's motion for summary judgment. From that judgment, Bradley appeals.

## STANDARD OF REVIEW

¶6.  "Our well-established standard of review for the trial court's admission or suppression of evidence, including expert testimony, is abuse of discretion." *Tunica County v. Matthews*, 926 So. 2d 209, 212-13 (¶5) (Miss. 2006).  "We give great deference to the discretion of the trial judge."  *Id.*  "Unless we conclude that the discretion was arbitrary and clearly erroneous, amounting to an abuse of discretion, that decision will stand."  *Id.*  "It is well-settled that appellate review of the trial court's grant or denial of a motion for summary judgment requires the application of de novo review."  *Adams v. Graceland Care Ctr. of Oxford LLC*, 208 So. 3d 575, 579 (¶9) (Miss. 2017).

## DISCUSSION

¶7.  On appeal, Bradley raises two issues: (1) the circuit court erred in striking Turnbow's affidavits, and (2) the circuit court erred in granting DPOA's motion for summary judgment.

### I.      The Admissibility of Charles Turnbow's Affidavits

¶8.  Bradley's first assignment of error deals with his expert witness's affidavits submitted in response to DPOA's motion for summary judgment and alternative motion for partial summary judgment.  Bradley states that the circuit court abused its discretion by failing to apply the pertinent Mississippi Rules of Evidence and relevant case law when it ordered that the two affidavits his expert submitted be stricken from the record.  In its order, the court stated:

3

3.  The initial affidavit of Charles E. Turnbow fails to demonstrate knowledge of the standard of care due a visitor to property in the context of Mississippi Law. The Supplemental Affidavit of Mr. Turnbow, likewise fails to demonstrate that knowledge. The Court recognizes that in the Supplemental Affidavit, Mr. Turnbow states that he is familiar with the reasonableness standard. Yet his testimony in that affidavit, nonetheless fails to demonstrate a knowledge of the actual standard of care due an invitee (which this Court finds the Plaintiff to be) in the State of Mississippi.

4.  The testimony contained in the affidavits are, therefore, more prejudicial than they are probative and it would not be admissible at trial pursuant to Rule 403 and Rule 702 of the Mississippi Rules of Evidence.

5   Consequently, the testimony contained in the affidavits of Charles E. Turnbow cannot be considered in the deliberation of the Defendants Motion for Summary Judgment.

¶9.   Bradley argues that the court never made a finding of whether Turnbow qualified as an expert witness nor to the relevance of the evidence proffered in Turnbow's affidavits. He also argues that Turnbow's affidavits are reliable and that exclusion of his expert testimony is not a proper remedy available to DPOA. The Mississippi Supreme Court has held:

> The law empowers a trial judge to determine whether a proffered expert is qualified to testify and does not restrict exercise of this power to the trial stage only. That is, a judge has as much power to resolve doubts on qualifications of proffered experts during the summary judgment stage as he has during the trial stage. And of course, the standard which this Court must apply when reviewing a trial judge's decision to disqualify remains unchanged-notwithstanding that the decision was made during the summary judgment stage. That is, this Court will determine whether the trial judge abused his discretion.

*McDonald v. Mem'l Hosp. at Gulfport*, 8 So. 3d 175, 179 (¶8) (Miss. 2009).

¶10.   Here, the circuit court looks to two rules of evidence in its order, Rules 702 and 403, when determining whether to allow Turnbow's testimony. Mississippi Rule of Evidence 702

4

states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

¶11. Furthermore, "expert testimony should only be admitted if it withstands the two-prong inquiry under Rule 702." *McDonald*, 8 So. 3d at 181 (¶15). "First, the witness must be qualified by virtue of his or her knowledge, skill, experience or education." *Id.* "Second, the witness's scientific, technical or other specialized knowledge must assist the trier of fact in understanding or deciding a fact in issue." *Id.* Additionally, the court looked to Mississippi Rule of Evidence 403, which states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

¶12. Here, Turnbow was hired to give an expert opinion on four issues: (1) whether the conditions existing at the time of the plaintiff's fall created an unreasonable hazard to the members and the public, (2) whether the fall described the by the plaintiff and witnesses is consistent with an individual falling victim to the hazard, (3) whether the hazard was a type that is recognized and would have been identifiable on reasonable and competent inspection, and (4) whether the condition of the pathway met reasonable safety and industry standards.

¶13. Under Mississippi law, DPOA owed Bradley "the duty to keep the premises reasonably safe and when not reasonably safe to warn only where there is a hidden danger

5

or peril that is not in plain and open view" because he is treated as a business invitee when in common areas. *See Green v. Dalewood Prop. Owners' Ass'n Inc.*, 919 So. 2d 1000, 1007 (¶8) (Miss. Ct. App. 2005). In Turnbow's supplemental affidavit, he opined using the reasonableness standard adopted by Mississippi and still concluded:

> . . . due to the lack of visibility, the magnitude of the defect, the effect on the body of a misstep, the reasonable anticipation of the pedestrian, and the lack of reasonable post construction (repair) were clear indicators of an unreasonable dangerous condition (hazard) which could cause substantial harm to an individual falling victim to the defective condition.

¶14. The circuit court still found Turnbow's affidavits unpersuasive to be admissible at trial. As held before, the circuit court has wide discretion in allowing or disallowing evidence. "The relevancy and admissibility of evidence are largely within the discretion of the trial judge." *Eskridge v. State*, 765 So. 2d 508, 510 (¶7) (Miss. 2000). "Only if the trial judge abuses this discretion will his decision be reversed." *Id.* Because we do not find that the trial court erred in disallowing Turnbow's testimony, we find this issue without merit.

## II. Summary Judgment

¶15. Bradley's second assignment of error is that the circuit court erred in granting DPOA's motion for summary judgment. Bradley maintains that there is a genuine issue of material fact contrary to the court's final judgment. The circuit court stated that "[a]s a matter of law, the four inch drop-off, which Mr. Bradley alleges to have caused his fall, is not a dangerous or unreasonably hazardous condition. Therefore, this [c]ourt specifically finds that, as a matter of law, the Defendant breached no duty to Mr. Bradley." Bradley further contends that the four inch drop-off cannot properly be held to be "not dangerous or

unreasonably hazardous" as a matter of law. However, under Mississippi law, even a seven-and-half-inch drop off is not a per se hazardous condition such that the owner of the business would reasonably anticipate that one would fall or trip. *See Stanley v. Morgan & Lindsey Inc.*, 203 So. 2d 473, 477 (Miss. 1967). Noting that each case is fact specific, in this particular case we do not find that the circuit court erred in finding that the four-inch drop was not a dangerous or unreasonable hazardous condition by law.

¶16. Our supreme court has held that "[s]ummary judgment is appropriate where the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *McDonald*, 8 So. 3d at 178 (¶8); *see also* M.R.C.P. 56(c). "We will not reverse the trial court's decision unless it appears that triable issues of fact remain when the facts are viewed in the light most favorable to the nonmoving party." *Id.*

¶17. Furthermore, "the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be entered against him." *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88 (¶10) (Miss. 2013). Still, "summary-judgment evidence must be admissible at trial." *Ill. Cent. R. Co. v. Jackson*, 179 So. 3d 1037, 1044 (¶14) (Miss. 2015).

¶18. Here, the circuit court found that Turnbow's testimony, Bradley's only evidence in

response to DPOA's motion, would not be admissible at trial. Accordingly, the circuit court properly granted DPOA's motion for summary judgment as it was Bradley's burden to rebut DPOA and show that there was a genuine issue of material fact left for the jury to determine.

## CONCLUSION

¶19.   After review of the record, we affirm the circuit court's judgment.

¶20.   **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, LAWRENCE AND C. WILSON, JJ., CONCUR. McDONALD, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY WESTBROOKS AND McCARTY, JJ. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. TINDELL, J., NOT PARTICIPATING.**

**McDONALD, J., SPECIALLY CONCURRING:**

¶21.   I concur with the majority; however, I think that our courts should be mindful of holding expert witnesses in civil cases to a higher *Daubert* standard than expert witnesses in criminal cases.[2]

**WESTBROOKS AND McCARTY, JJ., JOIN THIS OPINION.**

---

[2] *Daubert v. Merrill Dow Pharams Inc.*, 509 U.S. 589 (1993).