**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George Byron HAMLET, Defendant-
Appellant.**

No. 71–2726
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 10, 1972.

George B. Hamlet, pro se.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., Edward B. McDonough, Jr., Joe Doucette, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Hamlet was convicted on six counts of bank robbery. At his arraignment he elected to conduct his own defense, waived counsel, and entered his plea of not guilty, and not guilty by reason of insanity. Upon motion of the Government a psychiatrist was appointed to determine Hamlet's competency to proceed to trial. Hamlet refused to cooperate and moved for appointment of a psychiatrist under 18 U.S.C.A. § 3006A(e), to examine him and to assist in presenting the insanity defense. A competency hearing was held and Hamlet was found competent to stand trial. The motion for appointment of a psychiatrist was denied. At the trial no evidence touching upon the issue of insanity was introduced.

On appeal Hamlet contends that the district court erred in denying his motion for a defense psychiatrist. Section 3006A(e) provides that counsel for an indigent defendant may request expert services necessary to an adequate defense. The trial court is thereupon required to make further inquiry into the need for such services in an ex parte proceeding. United States v. Theriault, 5 Cir. 1971, 440 F.2d 713. The court below made no ex parte inquiry into the need for psychiatric services. Neither was an impartial expert appointed under Rule 28 F.R.Crim.P. to inquire into Hamlet's sanity. The only psychiatric examination conducted was by the psychiatrist appointed at the Government's request pursuant to 18 U.S.C.A. § 4244. Such appointment falls short of fulfilling the role of an expert selected under § 3006A(e) whose responsibility is to assist the defense, and of one appointed under Rule 28, whose participation is expected to be wholly objective. The fact that Hamlet was acting as his own counsel does not remove him from the benefits of § 3006A as the Government urges, but heightens the court's responsibility to make a careful ex parte inquiry and determination of the need for such services.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

We do not pass upon the question of whether Hamlet was entitled to have a psychiatrist appointed to assist in his defense. We only hold that the trial court erred in denying the § 3006A(e) motion without conducting the ex parte inquiry required by the statute. We remand with directions that the court below conduct an inquiry into Hamlet's request for psychiatric services to establish a defense of insanity and determine whether that request was meritorious and made in good faith. *See* Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. This is subject to a *nunc pro tunc* determination. If the district court finds that Hamlet's request was meritorious and made in good faith the court must grant him a new trial. If the court reaches a contrary determination, the conviction shall stand affirmed by this court as entered. See United States v. Roca-Alvarez, 5 Cir. 1971, 451 F.2d 843.

Remanded for further proceedings.