**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Allen BRITT, Defendant-Appellant.**

**No. 72–1505**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 15, 1972.

Harold E. Regan, Tallahassee, Fla. (Court-appointed), for defendant-appellant.

William H. Stafford, Jr., U. S. Atty., Pensacola, Fla., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

---

4. See, Tyler v. Peel Corp., 5 Cir., 1967, 371 F.2d 788, 791–792.

5. See, e. g., cases listed in *Cook & Nichol, Inc., supra,* 451 F.2d at 507 n. 7.

* ▇ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

This direct criminal appeal arises from a conviction for possessing a 16-gauge sawed-off shotgun in violation of 26 U.S.C.A. § 5861. Appellant contends that the court erred in concluding that the United States carried its burden of demonstrating that his in-custody inculpatory statement was voluntary and was obtained in compliance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

■ Under the Supreme Court's most recent opinion on this subject, Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972) such a decision is to be resolved on the basis of a preponderance of the evidence rather than under the standard of proof beyond a reasonable doubt. In announcing its resolution of this issue, the District Court stated:

> I am going to deny the motion to suppress. We have a direct conflict between these two individuals as to whether the statement was voluntarily, knowingly and understandingly made.
>
> However, there is evidence in the record from a witness who testified that he saw Mr. Britt with one of these guns which is named as Government's Exhibit No. 2, which is the 12 gauge sawed off shotgun described in count one. I am going to deny the motion.
>
> Call the Jury back in.

The second paragraph of the court's announcement makes it explicit that a forbidden consideration—truth—entered the Judge's decision. See Lego v. Twomey, *supra*, n. 12, 404 U.S. at 484, 92 S.Ct. at 624. Therefore, at a minimum, a new hearing on voluntariness must be conducted at which consideration is excluded.

■ On the present appeal, appellant further contends that he was entitled to an attorney's advice on whether he should have waived his *Miranda* defined rights. Acceptance of this contention would effectively negate the waiver procedures which underpin the Supreme Court's codification of these police conduct rules, and we reject this contention outright.

The case is remanded to the district court with directions to reassess the issue of voluntariness of appellant's statement without any regard to whether the content of the statement was reliable or authentic. Such reassessment may be based on the transcript of the prior hearing or may be supplemented by new evidence, in the discretion of the district judge. If, after such reassessment the court concludes that the statement was voluntary, appellant's conviction shall stand affirmed. If the court concludes that the statement was involuntary, it shall grant appellant a new trial at which such confession and its fruits shall be excluded. *See* United States v. Hamlet, 456 F.2d 1284 (5th Cir. 1972).

Remanded, with directions.