**UNITED STATES of America Plaintiff-Appellee,**
v.
**Clarence J. SUTTON, Defendant-Appellant.**
**No. 72–1653**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Aug. 2, 1972.

Rehearing Denied Aug. 24, 1972.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Larry L. Taylor, Columbus, Ga. (court-appointed), for defendant-appellant.

William J. Schloth, U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Sutton, an indigent, appeals from a judgment entered on a jury verdict of guilty of a Dyer Act violation. We have determined that the trial court's failure to hold an ex parte hearing on Sutton's motion under 18 U.S.C.A. § 3006A(e) for authorization to hire an investigator was error, and requires reversal.

The record reveals that at the time of the § 3006A(e) hearing, Sutton's court-appointed counsel objected to the presence of counsel for the Government and made clear to the court that although he recognized that it was his burden to show the necessity for investigative assistance, he would decline to reveal to the prosecution the names of witnesses and the nature of the information which would be the object of that investigation, and thus make a disclosure of his defense. Counsel for the Government conceded that the hearing should be held ex parte, but neither took leave nor was requested to do so by the court. In this circumstance, the denial of the request, on grounds of an inadequate showing of necessity, was improper.

The statute permits an ex parte application and provides for an "appropriate inquiry in an ex parte proceeding." The ex parte requirement could hardly be expressed in clearer language. "The use of a closed hearing rather than an ex parte proceeding to explore the need for services sought under section 3006A(e) subverts the Act's objective to implement the caliber of criminal justice by providing access to these services. . . The manifest purpose of requiring that the inquiry be ex parte is to insure that the defendant will not have to make a premature disclosure of his case." Marshall v. United States, 10 Cir. 1970, 423 F.2d 1315, 1318.[1]

Reversed.

---

1. We need not and do not reach the other errors asserted by Sutton.