**UNITED STATES of America, Plaintiff-Appellee,**

v.

**George Byron HAMLET, Defendant-Appellant.**

**No. 73–1267**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 7, 1973.

Rehearing Denied July 5, 1973.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

George Byron Hamlet, pro se.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

George Byron Hamlet appeals from an order of the district court denying, on remand, his motion for appointment of a psychiatrist pursuant to 18 U.S.C. § 3006A(e). We affirm.

At his arraignment the appellant, charged with multiple counts of bank robbery, elected to proceed pro se and entered pleas of not guilty and not guilty by reason of insanity. Upon the government's motion, a psychiatrist was appointed to determine the appellant's competency to stand trial. A competency hearing was held on July 26, 1971, where it was disclosed that appellant had refused to cooperate with the psychiatrist. The appellant moved for appointment of a psychiatrist under 18 U. S.C. § 3006A(e) to examine him and to assist in presenting the insanity defense. The court found appellant competent to stand trial and denied the motion to appoint a psychiatrist. At the trial no evidence was introduced which touched upon the issue of insanity. Appellant was convicted by the jury of six counts of bank robbery, violations of 18 U.S.C. § 2113. He was sentenced on August 27, 1971 to a total of 36 years imprisonment.

On direct appeal, appellant argued that the district court erred in denying his motion for a defense psychiatrist. This Court agreed, holding that the court below erred in failing to make the inquiry required by § 3006A(e) into the need for such psychiatric services. The case was remanded with instructions to the district court to "conduct an inquiry into Hamlet's request for psychiatric services to establish a defense of insanity and determine whether that request was meritorious and made in good faith." United States v. Hamlet, 5th Cir. 1972, 456 F.2d 1284.

On remand, the district court appointed a psychiatrist to report on the need for psychiatric assistance during the trial. The psychiatrist was to act impartially. A hearing was held at which it was learned the appellant, after being interviewed by the psychiatrist for 35 minutes, refused to cooperate further. The doctor's written report concluded that there was no psychiatric evidence "of a mental condition, disease, or deficiency which would absolve him of his responsibility for his alleged offense." Based upon the appellant's behavior, the record, and two earlier psychiatric reports, the district court concluded that there is no serious possibility that appellant was legally insane at any time pertinent to the crimes committed. The court held that the request for psychiatric services was dilatory, lacking in merit, and not made in good faith.

Now appealing from those findings and conclusions, appellant contends that the district court failed to comply with this Court's instructions on remand. He argues that the court below should have appointed a defense psychiatrist pursuant to § 3006A(e) to testify at the ex parte hearing to determine the need for his assistance in presenting the insanity defense at the trial. Appellant misinterprets § 3006A(e) and the directions of this Court. Properly read, § 3006A(e) and this Court's opinion call for the district court to make an appropriate inquiry to determine the need for psychiatric assistance *before* appointing such assistance. The district court properly appointed an impartial psychiatrist to determine if the need existed. Relying upon his medical report, prior medical reports of other psychiatrists, the record and appellant's conduct, the district court was not in error in concluding that appellant's request was not in good faith. There is no evidence to suggest that appellant was insane other than his own statements that he had an uncontrollable urge to rob banks. The medical experts conclude otherwise. The judgment below is affirmed.

Affirmed.