**Marshall H. WILLIAMS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6726.**

District of Columbia Court of Appeals.

Argued July 25, 1973.

Decided Oct. 19, 1973.

Arthur B. Goodkind, Washington, D.C., appointed by this court, with whom Herbert D. Miller, Jr., Washington, D.C., also appointed by this court, was on the brief, for appellant.

Douglass J. McCollum, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry, Leonard W. Belter and John F. Finnegan, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

FICKLING, Associate Judge:

Appellant Marshall H. Williams was convicted of grand larceny. His sole contention on appeal is that the trial court erroneously refused his request for a private psychiatrist, pursuant to 18 U.S.C. § 3006A(e),[1] thereby precluding him from obtaining the assistance necessary to determine whether an insanity defense might

---

1. 18 U.S.C. § 3006A(e), a part of the Criminal Justice Act of 1964, provides:

    (e) Services other than counsel.—

    (1) Upon request.—Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for an adequate defense may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court . . . shall authorize counsel to obtain the services.

reasonably be raised. We remand for further proceedings.

At the status hearing on March 10, 1972, defense counsel moved orally for a psychiatric examination of appellant at St. Elizabeths Hospital. Counsel informed the court that appellant has a long history of mental illness; that he has been diagnosed as a psychoneurotic; and that he has a serious drug problem. In response the court denied appellant's motion but ordered a preliminary screening by the Forensic Psychiatry Office. The screening took approximately 25 minutes and the report was presented to the court that day. The psychiatrist reported:

I performed a screening psychiatric examination of Mr. Marshall H. Williams at Superior Court on March 10, 1972. On the basis of my examination I feel it is unlikely that the defendent's [sic] obvious personality problems—anxiety, long history of heroin use, impulsivity— are of such a nature or degree as to constitute a mental disease or defect. Even if they are, there is still some question as to a direct connection between the alleged offense and the personality problems.

Defendant was a patient at St. Elizabeths Hospital (3rd admission) from April 30, 1962, to July 26, 1967 (verified). He says this was for "psychoneurosis" and that the admission resulted from being found not guilty by reason of insanity for a previous offense. *Records of this admission, other than the dates, are not available at this time.* [Emphasis added.]

Later on March 10, 1972, following the examination, the status hearing was resumed. At the hearing, appellant's counsel made the following motion:

Mr. Williams feels at this time that the screening he got from the Forensic Psychiatric doctor was inadequate to reveal his true mental condition, and he requests the court that he be examined by a *private psychiatrist.* [Emphasis added.]

This request, opposed by the government, was denied by the court insofar as it requested examination by a "private psychiatrist." The court did, however, order another examination of appellant by the Forensic Psychiatry Office.

This further examination was conducted on March 20, 1972, by the same psychiatrist who performed the original screening. The examination lasted approximately 60 minutes. The doctor reported:

On the basis of my examination I find that the defendant has a factual and rational understanding of the proceedings against him and is able to properly assist counsel with the preparation of his defense.

Furthermore, it is my opinion that the defendant's personality problems, which existed at the time of the alleged criminal offense, are not of such a nature or degree as to constitute a mental disease or defect.

Significantly, the doctor again failed to examine any records relating to Mr. Williams' prior periods of hospitalization. He felt it would have taken too long to obtain the records and that, in spite of what the records might have contained, they would have been irrelevant to the questions to be determined at the March 20 examination.

On April 12, 1972, a hearing on the second report was held. After considering all the testimony, the court found appellant competent to stand trial. Counsel for appellant then moved for further examination by a private psychiatrist. The motion was denied. At the trial no evidence touching upon the issue of insanity was introduced.

■ The government argues that appellant, by failing to refer to § 3006A(e) in requesting an appointment for a private psychiatrist, did not invoke that statutory

provision.[2] We disagree. Although appellant did not specifically cite § 3006A(e) in his motions for a private psychiatrist, the trial court was informed of the substance and the basic facts underlying the request. As the Fourth Circuit stated:

> We do not suggest that counsel's specific reference to § 3006A(e) was critical to his right to expert assistance. A motion made . . . which states facts demonstrating that assistance under § 3006A(e) is necessary, should be treated as having been made under the appropriate section. . . . [United States v. Taylor, 437 F.2d 371, 377 n. 8 (4th Cir. 1971).]

Thus, here, appellant's motion should be treated as one made under § 3006A(e).

■ Once a motion pursuant to § 3006A(e) is made, the statute expressly requires that an "appropriate inquiry in an ex parte proceeding" be held. The purpose of requiring an ex parte hearing is to insure that the defendant will not have to make a premature disclosure of his case in order to obtain access to expert services. United States v. Sutton, 464 F.2d 552, 553 (5th Cir. 1972); Marshall v. United States, 423 F.2d 1315, 1318 (10th Cir. 1970). "While a trial court need not authorize an expenditure under subdivision (e) for a mere 'fishing expedition', it should not withhold its authority when underlying facts reasonably suggest that further exploration may prove beneficial to the accused in the development of a defense to the charge. Considering the purpose of § 3006A(e) of the Criminal Justice Act to provide the accused with a fair opportunity to prepare and present his case, the application of the accused's counsel for such services must be evaluated on a standard of reasonableness. . . ." United States v. Schultz, 431 F. 2d 907, 911 (8th Cir. 1970) (footnote omitted). In the instant case the court not only failed to hold an ex parte hearing as mandated by the statute, but also failed to make an "appropriate inquiry" on the issue of necessity. United States v. Hamlet, 456 F.2d 1284, 1285 (5th Cir. 1972) (per curiam); United States v. Theriault, 440 F.2d 713, 715 (5th Cir. 1971); Marshall v. United States, *supra* at 1318. This error was compounded by the government's presence and its objection to the appointment of a private psychiatrist.

We remand with directions that the trial court hold an appropriate inquiry in an *ex parte proceeding* to determine whether appointment of a private psychiatrist is "necessary to an adequate defense" in appellant's case.[3] Once counsel has concluded that a private psychiatrist is necessary to enable him properly to evaluate and present a defense of insanity, the statute entitles him to secure such services for his client on a showing of necessity.

The evaluation of the mental state of the accused is a demanding task for the medical expert. As the court stated in Rollerson v. United States, 119 U.S.App.D.C. 400, 405, 343 F.2d 269, 274 (1964):

> The basic tool of psychiatric study remains the personal interview, which requires rapport between the interviewer and the subject. Gill, Newman & Redlich, The Initial Interview in Psychiatric Practice (1954). See also Finesinger, Psychiatric Interviewing: Principles and Procedure in Therapy, 105 Am.J.Psychiat. 187 (1948). More than three or four hours are necessary to assemble a pic-

---

2. It is clear that § 3006A(e) comprehends within its definition of "expert services" the assistance of a psychiatric expert. United States v. Chavis, 476 F.2d 1137, 1141 (D.C. Cir. 1973); United States v. Theriault, 440 F.2d 713, 715–716 (5th Cir. 1971); United States v. Taylor, 437 F.2d 371, 377 (4th Cir. 1971); United States v. Schultz, 431 F.2d 907, 911–912 (8th Cir. 1970).

3. In addition, § 3006A(e) requires the trial court make a determination with respect to the financial ability of the accused to obtain expert services. In this case, however, it is undisputed that the appellant is indigent.

ture of a man. A person sometimes refuses for the first several interviews to reveal his delusional thinking, or other evidence of mental disease. Menninger, A Manual for Psychiatric Case Study, ch. 1–4 *passim.* (2d ed. 1962) . . . . See Noyes & Kolb, Modern Clinical Psychiatry, ch. 7 (with bibliography); Knight, Borderline States, 17 Bull. of Menninger Clinic, 1, 8 (1953). . . . From hours of interviewing, and from the tests and other materials, a skilled psychiatrist can construct an explanation of personality and inferences about how such a personality would react in certain situations. . . . [Footnote omitted.]

In the instant case, the trial court should reconsider whether adequate study was given to appellant's mental condition in light of the record, which reveals the doctor interviewed appellant for a total of 90 minutes and failed to examine his prior psychiatric records.

■ Although other courts have set forth definitions of what is "necessary to an adequate defense," *see* United States v. Chavis, 476 F.2d 1137, 1143 (D.C.Cir. 1973); United States v. Theriault, *supra* at 717 (concurring opinion); United States v. Schultz, *supra* at 911, we feel the standards to govern the determination "are not susceptible of arbitrary articulation but can best be developed on a case by case basis."[4] United States v. Theriault, *supra* at 715. If the trial court finds after an ex parte hearing that appellant is entitled under the statute to the assistance of a private psychiatrist, one shall be appointed. Thereafter, if defense counsel, after review of the psychiatrist's report, represents to the court that he will interpose an insanity defense, a new trial must be granted. If, however, a contrary determination is reached, the conviction shall stand.

Remanded for further proceedings.

4. It is well settled, however, that appointment by the court of its own expert witness, as in this case, does not automatically preclude appointment of a medical expert under

§ 3006A(e). *E. g.,* United States v. Chavis, *supra* at 1142; cf. United States v. Theriault, *supra* at 715.