**James W. BERRY, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 84–1022.

District of Columbia Court of Appeals.

Submitted May 21, 1987.
Decided May 28, 1987.*

---

* A Memorandum Opinion and Judgment in the case was entered on May 28, 1987. It is being published pursuant to this court's order granting the motion of appellee for publication.

Lorenzo Randle, Buffalo, N.Y., for appellant.

Joseph E. diGenova, U.S. Atty., Michael W. Farrell and Anita J. Stephens, Asst. U.S. Attys., Washington, D.C., for appellee.

Before ROGERS and STEADMAN, Associate Judges, and REILLY, Senior Judge.

PER CURIAM:

Appellant was convicted of possession of cocaine, possession with intent to distribute marijuana, and two counts each of possession of heroin, unlawful ammunition and unregistered firearms. On appeal he argues that the search warrant was not based on probable cause and that his defense was prejudiced when the trial court refused to appoint a chemist to assist the defense. We affirm.

## I.

██ When reviewing a challenge to a search warrant, we accord great deference to the determination of the magistrate. Our function here is only to ensure that the magistrate had a substantial basis for concluding the existence of probable cause. *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983). The search warrant in this case was based on an informant's tip that he had bought drugs from persons at appellant's apartment. The officer-affiant testified that this informant was a reliable and truthful source and had made controlled buys of narcotics for the police on nineteen prior occasions. The officer further testified that he observed the informant make a controlled buy from appellant's apartment 72 hours before the warrant was issued. Under these facts, appellant's various arguments that this warrant does not meet the totality of the circumstances test of *Gates, supra*, 462 U.S. at 238–39, 103 S.Ct. at 2332–33, are without merit.

## II.

Appellant also claims that the failure of the trial court to appoint a chemist to assist his defense was a violation of his right to equal protection and due process. Appellant's constitutional claims are without merit. D.C.Code § 33–556 (1986 Supp.) permits the government to proceed by affidavit of a Drug Enforcement Administration (DEA) chemist to establish the chain of custody and chemical analysis of suspected substances but allows the defense to subpoena the chemist for trial at no cost for cross-examination. Appellant in fact availed himself of this right and the trial court permitted extensive leeway in cross-examination. In *Howard v. United States*, 473 A.2d 835 (D.C.1984) we upheld the constitutionality of D.C. Code § 33–556 and held that the defense is not substantially disadvantaged by the government's failure to call the chemist in its case in chief.

██ Appellant contends that the court should have gone further and appointed an independent chemist under D.C. Code § 11–2605(a) (1981). The trial court found that appellant failed to show that a court appointed chemist was necessary to an adequate defense. This decision is entrusted to the sound discretion of the trial court. *See In re Morrow*, 463 A.2d 689, 692 (D.C. 1983). Furthermore, we have held that the trial court need not authorize an expenditure for a "mere fishing expedition." *Williams v. United States*, 310 A.2d 244, 246 (D.C.1973). Appellant made no showing in his pretrial motion or in cross-examination at trial that the independence and general reliability of DEA chemists, which we recognized in *Howard, supra*, 473 A.2d at 839, would not result in an accurate test of the substances seized from appellant's

apartment. Therefore, we hold that the trial court did not abuse its discretion in refusing appellant's request for appointment of a chemist to assist the defense.

*Affirmed.*