KING, Justice,
dissenting:
¶ 268. Because I disagree with the majority’s conclusions on several of the issues Galloway raises, I respectfully dissent.

1. Whether the trial court erred by allowing speculative testimony on an important issue (Issue 10).

¶ 264. One of Galloway’s defense theories was that the DNA found on the Taurus may have gotten on the vehicle while it was left unattended overnight at Bob’s Garage after authorities arrested Galloway. Lieutenant Ken McClenic, an officer *686 with the Jackson County Sheriffs Department, testified regarding whether anyone had access to the Taurus overnight. Despite having no personal knowledge of the vehicle’s security, or lack thereof, overnight, Lieutenant McClenic testified with utmost certainty that he “knew” it to be a “fact” that no one but the owner could have entered the building. This testimony was unsolicited, not even in response to a question. It is clear that he had no personal knowledge of what occurred at Bob’s Garage that night, given that he was not present at Bob’s Garage throughout the night. His testimony regarding the “fact” of who did or did not enter the building is clearly speculation.
¶ 265. Rule 602 of the Mississippi Rules of Evidence states that “[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter.”[12] M.R.E. 602. Lieutenant McClenic’s testimony very clearly violated the basic premise of Rule 602, as it was mere speculation. He was not present at Bob’s Garage throughout the night and did not have personal knowledge of who did or did not enter Bob’s Garage that night. Thus, the trial court overruling Galloway’s objection to Lieutenant McClenic’s testimony in this regard was clearly error.
¶ 266. Such error was not harmless. See Jones v. State, 678 So.2d 707 (Miss.1996). In Jones, this Court found the speculative testimony of a welfare worker to be reversible error. Id. at 711. Carolyn Smith, the welfare worker investigating the case of a child killed by cocaine overdose and medical neglect, testified that she felt “certain that that’s how the child got an overdose of cocaine through vaporization,” despite a toxicologist for the State testifying as to the many different ways in which the child could have overdosed on cocaine. Id. at 710. The State argued that her testimony was cumulative and thus harmless. Id. at 709. This Court noted that the evidence was ample to support the findings of culpable negligence, concluding that the “portion of Smith’s testimony pertaining to the vaporization of cocaine was not necessary to establish guilt based on culpable negligence.” Id. at 710-11. However, the Court found that “because of the certainty of Smith’s testimony and her official capacity, her testimony likely was instrumental in the jury’s decision.” Id. at 711.
¶ 267. Lieutenant McClenic’s testimony was extremely certain — he interrupted an exchange between an attorney and the judge to (unresponsively) state the factual nature of his assertion.[13] Furthermore, *687 his official capacity was certainly likely to sway the jury. Thus, it is likely that his testimony swayed the jury significantly on the chain-of-custody defense regarding the DNA on the vehicle. This Court should reverse the trial court on this issue.

2. Whether Galloway’s constitutional right to a speedy trial was violated (Issue 11).

¶ 268. An accused is guaranteed the right to a speedy and public trial by both the United States Constitution and the Mississippi Constitution. U.S. Const, amend. VI; Miss Cost. art. 3, § 26. The United States Supreme Court sets out four factors this Court must examine in determining if a defendant has been deprived of his right to speedy trial: “length of delay, the reason for the delay, the defendant’s assertion of his right, and prejudice to the defendant.” Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). “No one factor is dispositive; all factors must be considered together.” Burgess v. State, 473 So.2d 432, 433 (Miss.1985) (emphasis added).

a.Length of Delay

¶ 269. The length of delay was 424 days, a delay that, exceeding eight months, is presumptively prejudice, as the majority acknowledges. Johnson v. State, 68 So.3d 1239, 1242 (Miss.2011); Maj. Op. ¶103. This presumptively prejudicial delay shifts the burden of persuasion to the State to establish good cause for the delay.[14] Johnson, 68 So.3d at 1242. An eight-month delay weighs in favor of the defendant in the balancing test analysis. Flores v. State, 574 So.2d 1314, 1322 (Miss.1990); see also Johnson, 68 So.3d at 1250 (Dickinson, P.J., dissenting).

b. Reason for Delay

¶ 270. A presumptively prejudicial delay, as here, shifts the burden of persuasion to the State to establish good cause for the delay. Johnson, 68 So.3d at 1242. As the majority notes, the State, which has the burden of persuasion, failed to make a clear record as to the reason for the delay. Maj. Op. ¶ 104. The majority concludes that this is a complicated case, and this factor “appears close to neutral. But we are unable to reach that conclusion, as the State failed to provide us a more definite record from which to analyze this factor.” Id. Thus, the majority weighs this factor “slightly” against the State. Id.
¶ 271. The State has the burden of persuasion, and, as admitted by the majority, utterly fails to establish good cause for the delay in this case. I therefore disagree that this factor should only weigh “slightly” against the State. Such a determination impermissibly shifts the burden of persuasion to the defendant. I would weigh this factor more heavily against the State, given that it completely failed to meet its burden of persuasion. However, even the majority weighs this factor against the State, if only “slightly.”
c. Assertion of the Right to Speedy Trial
¶ 272. As the majority concedes, Galloway asserted his speedy-trial rights, thus this factor weighs in his favor. Maj. Op. ¶ 105. “The more serious the deprivation, *688 the more likely a defendant is to complain. The defendant’s assertion of his speedy trial right, then, is entitled to strong evi-dentiary weight in determining whether the defendant is being deprived of the right.” Barker, 407 U.S. at 531-32, 92 S.Ct. 2182.

d. Prejudice

¶ 273. I disagree with the majority’s conclusion that Galloway was not prejudiced, an issue that I will discuss below. However, even if I accepted the majority’s conclusion that this factor weighs in favor of the State, I would still find that Galloway’s right to speedy trial was violated. See, e.g., Johnson, 68 So.3d at 1253-59 (Dickinson, P.J., dissenting). The majority admits that the other three Barker factors weigh in Galloway’s favor. These three factors “outweigh item (4) prejudice, if the Barker and Bailey[15] holdings that no one factor is dispositive are to have any meaning at all.” Burgess, 473 So.2d at 434 (footnote added). “If this were not so, the state could sit back and deliberately hold criminal charges against a citizen indefinitely so long as the individual could not point out any specific prejudice.” Id. Thus, even accepting the majority’s analysis, three Barker factors weigh in favor of Galloway, and only one weighs in favor of the State, therefore, the totality of the circumstances under the balancing test mandate that we find Galloway’s speedy-trial right violated. Any other conclusion renders the prejudice factor dispositive and flies in the face of Barker, Bailey, and Burgess.
¶ 274. That being said, I do not agree with the majority’s analysis of the prejudice factor. The prejudice factor weighs in favor of Galloway. Personal prejudice “is not always readily identifiable.” Barker, 407 U.S. at 531, 92 S.Ct. 2182. The United States Supreme Court has identified three interests that the speedy-trial right was designed to protect, and which should all be considered in determining prejudice.[16] Barker, 407 U.S. at 532, 92 S.Ct. 2182. Those interests are preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and limiting the possibility that the defense will be impaired. Id. The majority admits that Galloway’s pretrial incarceration was lengthy. Maj. Op. ¶ 108. The United States Supreme Court has recognized that a lengthy pretrial incarceration has an obvious detrimental impact on a defendant. Barker, 407 U.S. at 533, 92 S.Ct. 2182. The time spent in jail
often means loss of a job; it disrupts family life; and it enforces idleness. Most jails offer little or no recreational or rehabilitative programs. The time spent in jail is simply dead time. Moreover, if a defendant is locked up, he is hindered in his ability to gather evidence, contact witnesses, or otherwise prepare his defense. Imposing those consequences on anyone who has not yet been convicted is serious.
Id. at 532-33, 92 S.Ct. 2182.
¶ 275. Furthermore, Galloway alleges that the memory of a prosecution witness was unreliable due to the delayed trial, thus impairing his defense. The record demonstrates that shortly after the crime, Dixie Brimage, the only eyewitness in the case, was unsure in her identification of *689 the man talking to the victim. She was also certain that the man talking to the victim had gold teeth. At trial, Brimage testified that she could positively identify Galloway as the man who was talking to the victim. She admitted that Galloway did not have gold teeth. Galloway has certainly demonstrated that Brimage’s testimony positively identifying him has troubling issues and may reflect negatively on her memory. “Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown.” Id. at 532, 92 S.Ct. 2182. Galloway demonstrated to the extent possible that he suffered prejudice due to an impact on Brimage’s memory.
¶ 276. The majority argues that Galloway fails to demonstrate how Brimage’s memory was affected. Maj. Op. ¶ 109. Brimage’s certainty in her ability to identify Galloway changed in the time period between her pretrial identification and her identification at trial, which certainly evinces possible prejudice to Galloway.
¶ 277. Thus, due to Galloway’s lengthy incarceration, and the potential adverse effects to Brimage’s memory, I find that the prejudice factor weighs in favor of Galloway. Therefore, Galloway’s right to speedy trial was violated. As stated, supra, even if I agreed with the majority that this factor favored the State, I must still conclude that, in light of the totality of the circumstances, Galloway’s right to speedy trial was violated, as the other three factors clearly weigh in his favor.
¶ 278. As Presiding Justice Dickinson has so aptly observed in previous cases, the “elephant in the room” is that the constitutional right to speedy trial in Mississippi is dead. Ben v. State, 95 So.3d 1236, 1258 (Miss.2012) (Dickinson, P.J., dissenting); Johnson, 68 So.3d at 1247 (Dickinson, P.J., dissenting).[17] In this case, I would reverse the trial court’s determination that the State did not violate Galloway’s right to speedy trial. And, as Presiding Justice Dickinson has stated before, “I would reverse this Court’s trend of ignoring a defendant’s right to a speedy trial.” Ben, 95 So.3d at 1258 (Dickinson, P.J., dissenting).

3. Whether the trial court erred in denying Galloway’s proposed jury instruction D3AA (Issue 12).

¶ 279. D3AA provided, in pertinent part, that “[ejven if mitigating circumstances do not outweigh aggravating circumstances, the law permits you, the jury to impose a sentence of life imprisonment without the possibility of parole.” The majority argues that this type of instruction is an impermissible “mercy” instruction. Maj. Op. ¶ 125.
¶ 280. Such an instruction is not a plea for mercy and does not impermissibly play on the sympathies of the jury, but merely tracks the sentencing statute, which provides that the jury should decide, based on several considerations, “whether the defendant should be sentenced to life imprisonment, life imprisonment without eligibility *690 for parole, or death.” Miss.Code Ann. § 99-19-101 (2)(d) (Rev.2007). While one of the “considerations” is whether mitigating circumstances outweigh aggravating circumstances, nothing in the statute mandates that mitigating circumstances must outweigh aggravating circumstances in order for the jury to impose life imprisonment. Thus, Galloway’s proposed instruction ensured that the jurors were fully informed as to the law. No other instruction adequately covered this issue.
¶ 281. Furthermore, I find it incongruous that a defendant is allowed by law to argue emotionally for mercy or sympathy in the sentencing phase, but not allowed to include a jury instruction that merely reflects the law that a jury is not forced to impose the death penalty, but may instead impose life imprisonment. See Maj. Op. ¶ 123; King v. State, 784 So.2d 884, 889-90 (Miss.2001). As the majority notes, “[a] defendant is entitled to have jury instructions given which present his theory of the case.” Chandler v. State, 946 So.2d 355, 360 (Miss.2006). Instruction D3AA did not incorrectly state the law, was not covered fairly elsewhere in the instruction, nor was it without foundation in the evidence. Id. Thus, I would find that the trial court abused its discretion in denying Instruction D3AA and reverse the trial court on this issue.
A Whether the trial court erred by failing to conduct an ex parte hearing regarding the defendant’s funding for an expert[18] (Issue 23).
¶ 282. During the pretrial hearing on several issues, the State requested that the court “address some of the motions that did not require testimony first.” The court responded: “I’m looking at a motion that looks like was recently filed for expert funds for Dr. Riddick?” Defense counsel responded in the affirmative. The court replied: “All right. Let me hear you on that.” After defense counsel argued his motion, the court asked the State if it had any opposition to the motion. Counsel for the State responded that “it’s generally something between the defense and the court,” but went on to affirmatively argue against providing Galloway funding for his expert, objecting to the same. Defense counsel then responded to the objection, indicating in detail why Galloway felt the expert was necessary, thus revealing defense strategy to the State. The court then granted Galloway’s request, but required Galloway to send the State the expert report as soon as Galloway received it, without any provision that such was conditioned on Galloway’s intent to actually use the expert report.
¶ 283. The majority is correct that in Manning v. State, this Court did not find that the trial court erred by requiring the defense to provide notice regarding the possible retention of an expert. Manning v. State, 726 So.2d 1152, 1191 (Miss.1998), overruled on other grounds by Weatherspoon v. State, 732 So.2d 158 (Miss.1999). However, neither did this Court find a lack of error in the trial court’s actions — this Court did not squarely address the issue at all. Instead, we found that “Manning had no right to an independent mental examiner and he suffered no prejudice in not having one. This assignment of error is meritless.” Id. at 1191. The Court went *691 on to emphasize, however, “that the State has no role to play in the determination of the defendant’s use of experts. The necessity and propriety of such assistance is a matter left entirely to the discretion of the trial court.” Id. The Court’s statement is congruous with the Fourteenth Amendment’s due process guarantee of fundamental fairness, which “derives from the belief that justice cannot be equal where, simply as a result of his poverty, a defendant is denied the opportunity to participate meaningfully in a judicial proceeding in which his liberty is at stake.” Ake v. Oklahoma, 470 U.S. 68, 76, 105 S.Ct. 1087, 1092, 84 L.Ed.2d 53 (1985).
¶ 284. As this Court has noted, “[t]he purpose of the federal [statute] that requires the hearing to be ex parte is to protect the defendant from being forced to reveal his strategies and theories to the prosecutor.” McGilberry v. State, 741 So.2d 894, 917 (Miss.1999) [19]; see also Ake, 470 U.S. at 82-83, 105 S.Ct. 1087 (implying that a defendant’s requests should be' ex parte). In allowing the State to object to Galloway’s request, the trial court forced Galloway to reveal his defense strategy. Defense counsel was compelled to explain, in the presence of the State and in detail, that Galloway was seeking an expert to combat the State’s assertion that the victim had been the subject of sexual battery. Furthermore, the court determined that Galloway should give the State a copy of the expert report, regardless of whether Galloway was actually going to use said report. This forced Galloway to reveal his defense strategy to the State prematurely, a disadvantage that a nonindigent defendant would not have borne.
¶ 285. Thus, to the extent Mississippi has not formally adopted the rule that hearings regarding an indigent defendant’s need for expert assistance should be ex parte, we should now formally adopt such a rule. A nonindigent defendant does not experience the disadvantage of being forced to reveal his defense strategy to the State, prematurely or otherwise; likewise, an indigent defendant should not experience such a disadvantage merely due to his financial status. Forcing an indigent defendant to reveal his defense strategy and other evidence, as Galloway was forced to do here, violates the very basic premise of Ake. See also Ex parte Moody, 684 So.2d 114 (Ala.1996) (“we find it necessary to hold that an indigent criminal defendant is entitled to an ex parte hearing on whether expert assistance is necessary, based on the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution”); Brooks v. State, 259 Ga. 562, 385 S.E.2d 81 (1989) (finding that an application for funds should be heard ex parte so that a defendant does not have to reveal his theory of the case); Moore v. State, 390 Md. 343, 889 A.2d 325 (2005) (requiring an ex parte hearing because an indigent defendant “should not be required to disclose to the State the theory of the defense when non-indigent defendants are not required to do so”); State v. Barnett, 909 S.W.2d 423 (Tenn.1995) (ex parte hearing required for psychiatric expert because indigent defendant should not have to reveal his theory of the defense when his affluent counterpart does not); Williams v. State, 958 *692 S.W.2d 186 (Tex.Crim.App.1997) (indigent defendant should not be forced to reveal defense theory).
¶ 286. Because I believe that Galloway’s arguments on issues 10, 11, 12, and 23 have merit, I am compelled to consider what remedy each requires. This Court has held that the remedy for issue 10, a violation of Mississippi Rule of Evidence 602, and the remedy for issue 12, improperly refusing a jury instruction, are reversal and remand for a new trial. Jones, 678 So.2d at 711; Miss. Valley Silica Co., Inc. v. Eastman, 92 So.3d 666, 673 (Miss.2012). This Court has never squarely addressed issue 23, whether a defendant is entitled to an ex parte hearing regarding funding for experts. . Some courts have determined that reversal and remand is the appropriate remedy. See, e.g., Williams, 958 S.W.2d at 195-96 (failure to hold hearing ex parte affected sentencing phase of trial, thus court reversed and remanded for retrial of sentencing phase); United States v. Abreu, 202 F.3d 386 (1st Cir.2000) (limited remand on sentencing phase for failure to handle issue ex parte); United States v. Sutton, 464 F.2d 552 (5th Cir.1972) (reversing conviction where trial court refused to hold hearing ex parte, so defense counsel refused to reveal information disclosing his defense, and trial court thus denied defendant’s request on the grounds of inadequate showing of necessity). It seems in this case, where defense strategy has already been announced, but under a cloud of unclear Mississippi law, no present remedy exists. The only remedy appears to be the prospective remedy of adoption of the rule that a defense request for expert funding must be conducted and heard ex parte. Regarding issue 12, the violation of Galloway’s right to speedy trial, this Court and the United States Supreme Court have concluded that dismissal is the only remedy to a speedy-trial violation. Bailey, 463 So.2d at 1064; Strunk v. United States, 412 U.S. 434, 439-40, 93 S.Ct. 2260, 2263, 37 L.Ed.2d 56 (1973).[20] A violation of the right to a speedy trial cannot be cured by a new trial at an even later date. Thus, because I conclude that Galloway’s right to a speedy trial has been violated, the only remedy is to reverse the conviction and dismiss the charges against Galloway. Bailey, 463 So.2d at 1064.
DICKINSON, P.J., AND KITCHENS, J., JOIN THIS OPINION.

APPENDIX

DEATH CASES AFFIRMED BY THIS COURT

Roger Lee Gillett v. State, 56 So.3d 469 (Miss.2010).
Moffett v. State, 49 So.3d 1073 (Miss.2010).
Goff v. State, 14 So.3d 625 (Miss.2009).
Wilson v. State, 21 So.3d 572 (Miss.2009).
Chamberlin v. State, 989 So.2d 320 (Miss.2008).
Loden v. State, 971 So.2d 548 (Miss.2007).
King v. State, 960 So.2d 413 (Miss.2007).
Bennett v. State, 933 So.2d 930 (Miss.2006).
*693 Havard v. State, 928 So.2d 771 (Miss.2006).
Spicer v. State, 921 So.2d 292 (Miss.2006).
Hodges v. State, 912 So.2d 730 (Miss.2005).
Walker v. State, 913 So.2d 198 (Miss.2005).
Le v. State, 913 So.2d 913 (Miss.2005).
Brown v. State, 890 So.2d 901 (Miss.2004).
Powers v. State, 883 So.2d 20 (Miss.2004)
Branch v. State, 882 So.2d 36 (Miss.2004).
Scott v. State, 878 So.2d 933 (Miss.2004).
Lynch v. State, 877 So.2d 1254 (Miss.2004).
Dycus v. State, 875 So.2d 140 (Miss.2004).
Byrom v. State, 863 So.2d 836 (Miss.2003).
Howell v. State, 860 So.2d 704 (Miss.2003).
Howard v. State, 853 So.2d 781 (Miss.2003).
Walker v. State, 815 So.2d 1209 (Miss.2002). "following remand.
Bishop v. State, 812 So.2d 934 (Miss.2002).
Stevens v. State, 806 So.2d 1031 (Miss.2002).
Grayson v. State, 806 So.2d 241 (Miss.2002).
Knox v. State, 805 So.2d 527 (Miss.2002).
Simmons v. State, 805 So.2d 452 (Miss.2002).
Berry v. State, 802 So.2d 1033 (Miss.2001).
Snow v. State, 800 So.2d 472 (Miss.2001).
Mitchell v. State, 792 So.2d 192 (Miss.2001).
Puckett v. State, 788 So.2d 752 (Miss.2001). * following remand.
Goodin v. State, 787 So.2d 639 (Miss.2001).
Jordan v. State, 786 So.2d 987 (Miss.2001).
Manning v. State, 765 So.2d 516 (Miss.2000). following remand.
Eskridge v. State, 765 So.2d 508 (Miss.2000).
McGilberry v. State, 741 So.2d 894 (Miss.1999).
Puckett v. State, 737 So.2d 322 (Miss.1999). *remanded for Batson hearing.
Manning v. State, 735 So.2d 323 (Miss.1999). *remanded for Batson hearing.
Hughes v. State, 735 So.2d 238 (Miss.1999).
Turner v. State, 732 So.2d 937 (Miss.1999).
Smith v. State, 729 So.2d 1191 (Miss.1998).
Bums v. State, 729 So.2d 203 (Miss.1998).
Jordan v. State, 728 So.2d 1088 (Miss.1998).
Gray v. State, 728 So.2d 36 (Miss.1998).
Manning v. State, 726 So.2d 1152 (Miss.1998).
Woodward v. State, 726 So.2d 524 (Miss.1997).
Bell v. State, 725 So.2d 836 (Miss.1998).
Evans v. State, 725 So.2d 613 (Miss.1997).
Brewer v. State, 725 So.2d 106 (Miss.1998).
Crawford v. State, 716 So.2d 1028 (Miss.1998).
*694 Doss v. State, 709 So.2d 369 (Miss.1996).
Underwood v. State, 708 So.2d 18 (Miss.1998).
Holland v. State, 705 So.2d 307 (Miss.1997).
Wells v. State, 698 So.2d 497 (Miss.1997).
Wileher v. State, 697 So.2d 1087 (Miss.1997).
Wiley v. State, 691 So.2d 959 (Miss.1997).
Brown v. State, 690 So.2d 276 (Miss.1996).
Simon v. State, 688 So.2d 791 (Miss.1997).
Jackson v. State, 684 So.2d 1213 (Miss.1996).
Williams v. State, 684 So.2d 1179 (Miss.1996).
Davis v. State, 684 So.2d 643 (Miss.1996).
Taylor v. State, 682 So.2d 359 (Miss.1996).
Brown v. State, 682 So.2d 340 (Miss.1996).
Blue v. State, 674 So.2d 1184 (Miss.1996).
Holly v. State, 671 So.2d 32 (Miss.1996).
Walker v. State, 671 So.2d 581 (Miss.1995).
Russell v. State, 670 So.2d 816 (Miss.1995).
Ballenger v. State, 667 So.2d 1242 (Miss.1995).
Davis v. State, 660 So.2d 1228 (Miss.1995).
Carr v. State, 655 So.2d 824 (Miss.1995).
Mack v. State, 650 So.2d 1289 (Miss.1994).
Chase v. State, 645 So.2d 829 (Miss.1994).
Foster v. State, 639 So.2d 1263 (Miss.1994).
Conner v. State, 632 So.2d 1239 (Miss.1993).
Hansen v. State, 592 So.2d 114 (Miss.1991).
* Shell v. State, 554 So.2d 887 (Miss.1989); Shell v. Mississippi, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding; Shell v. State, 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
Davis v. State, 551 So.2d 165 (Miss.1989).
Minnick v. State, 551 So.2d 77 (Miss.1989).
* Pinkney v. State, 538 So.2d 329 (Miss.1989); Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding; Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
* Clemons v. State, 535 So.2d 1354 (Miss.1988); Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding; Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
Woodward v. State, 533 So.2d 418 (Miss.1988).
Nixon v. State, 533 So.2d 1078 (Miss.1987).
Cole v. State, 525 So.2d 365 (Miss.1987).
Lockett v. State, 517 So.2d 1346 (Miss.1987).
Lockett v. State, 517 So.2d 1317 (Miss.1987).
Faraga v. State, 514 So.2d 295 (Miss.1987).
* Jones v. State, 517 So.2d 1295 (Miss.1987); Jones v. Mississippi, 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) *695 vacating and remanding; Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
Wiley v. State, 484 So.2d 339 (Miss.1986).
Johnson v. State, 477 So.2d 196 (Miss.1985).
Gray v. State, 472 So.2d 409 (Miss.1985).
Cabello v. State, 471 So.2d 332 (Miss.1985).
Jordan v. State, 464 So.2d 475 (Miss.1985).
Wilcher v. State, 455 So.2d 727 (Miss.1984).
Billiot v. State, 454 So.2d 445 (Miss.1984).
Stringer v. State, 454 So.2d 468 (Miss.1984).
Dufour v. State, 453 So.2d 337 (Miss.1984).
Neal v. State, 451 So.2d 743 (Miss.1984).
Booker v. State, 449 So.2d 209 (Miss.1984).
Wilcher v. State, 448 So.2d 927 (Miss.1984).
Caldwell v. State, 443 So.2d 806 (Miss.1983).
Irving v. State, 441 So.2d 846 (Miss.1983).
Tokman v. State, 435 So.2d 664 (Miss.1983).
Leatherwood v. State, 435 So.2d 645 (Miss.1983).
Hill v. State, 432 So.2d 427 (Miss.1983).
Pruett v. State, 431 So.2d 1101 (Miss.1983).
Gilliard v. State, 428 So.2d 576 (Miss.1983).
Evans v. State, 422 So.2d 737 (Miss.1982).
King v. State, 421 So.2d 1009 (Miss.1982).
Wheat v. State, 420 So.2d 229 (Miss.1982).
Smith v. State, 419 So.2d 563 (Miss.1982).
Johnson v. State, 416 So.2d 383 (Miss.1982).
Edwards v. State, 413 So.2d 1007 (Miss.982).
Bullock v. State, 391 So.2d 601 (Miss.1980).
Reddix v. State, 381 So.2d 999 (Miss.1980).
Jones v. State, 381 So.2d 983 (Miss.1980).
Culberson v. State, 379 So.2d 499 (Miss.1979).
Gray v. State, 375 So.2d 994 (Miss.1979).
Jordan v. State, 365 So.2d 1198 (Miss.1978).
Voyles v. State, 362 So.2d 1236 (Miss.1978).
Irving v. State, 361 So.2d 1360 (Miss.1978).
Washington v. State, 361 So.2d 61 (Miss.1978).
Bell v. State, 360 So.2d 1206 (Miss.1978).
*Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.

DEATH CASES REVERSED AS TO GUILT PHASE AND SENTENCING PHASE

Ross v. State, 954 So.2d 968 (Miss.2007).
Flowers v. State, 947 So.2d 910 (Miss.2007).
Flowers v. State, 842 So.2d 531 (Miss.2003).
*696 Randall v. State, 806 So.2d 185 (Miss.2002).
Flowers v. State, 773 So.2d 309 (Miss.2000).
Edwards v. State, 737 So.2d 275 (Miss.1999).
Smith v. State, 733 So.2d 793 (Miss.1999).
Porter v. State, 732 So.2d 899 (Miss.1999).
Kolberg v. State, 704 So.2d 1307 (Miss.1997).
Snelson v. State, 704 So.2d 452 (Miss.1997).
Fuselier v. State, 702 So.2d 388 (Miss.1997).
Howard v. State, 701 So.2d 274 (Miss.1997).
Lester. v. State, 692 So.2d 755 (Miss.1997).
Hunter v. State, 684 So.2d 625 (Miss.1996).
Lanier v. State, 684 So.2d ,93 (Miss.1996).
Giles v. State, 650 So.2d 846 (Miss.1995).
Duplantis v. State, 644 So.2d 1235 (Miss.1994).
Harrison v. State, 635 So.2d 894 (Miss.1994).
Butler v. State, 608 So.2d 314 (Miss.1992).
Jenkins v. State, 607 So.2d 1171 (Miss.1992).
Abram v. State, 606 So.2d 1015 (Miss.1992).
Balfour v. State, 598 So.2d 731 (Miss.1992).
Griffin v. State, 557 So.2d 542 (Miss.1990).
Bevill v. State, 556 So.2d 699 (Miss.1990).
West v. State, 553 So.2d 8 (Miss.1989).
Leatherwood v. State, 548 So.2d 389 (Miss.1989).
Mease v. State, 539 So.2d 1324 (Miss.1989).
Houston v. State, 531 So.2d 598 (Miss.1988).
West v. State, 519 So.2d 418 (Miss.1988).
Davis v. State, 512 So.2d 1291 (Miss.1987).
Williamson v. State, 512 So.2d 868 (Miss.1987).
Foster v. State, 508 So.2d 1111 (Miss.1987).
Smith v. State, 499 So.2d 750 (Miss.1986).
West v. State, 485 So.2d 681 (Miss.1985).
Fisher v. State, 481 So.2d 203 (Miss.1985).
Johnson v. State, 476 So.2d 1195 (Miss.1985).
Fuselier v. State, 468 So.2d 45 (Miss.1985).
West v. State, 463 So.2d 1048 (Miss.1985).
Jones v. State, 461 So.2d 686 (Miss.1984).
Moffett v. State, 456 So.2d 714 (Miss.1984).
Lanier v. State, 450 So.2d 69 (Miss.1984).
Laney v. State, 421 So.2d 1216 (Miss.1982).

DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR RESENTENCING TO LIFE IMPRISONMENT

Reddix v. State, 547 So.2d 792 (Miss.1989).
*697 Wheeler v. State, 536 So.2d 1341 (Miss.1988).
White v. State, 532 So.2d 1207 (Miss.1988).
Bullock v. State, 525 So.2d 764 (Miss.1987).
Edwards v. State, 441 So.2d 84 (Miss.1983).
Dycus v. State, 440 So.2d 246 (Miss.1983).
Coleman v. State, 378 So.2d 640 (Miss.1979).

DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR A NEW TRIAL ON SENTENCING PHASE ONLY

Fulgham v. State, 46 So.3d 315 (Miss.2010).
Rubenstein v. State, 941 So.2d 735 (Miss.2006).
King v. State, 784 So.2d 884 (Miss.2001).
Walker v. State, 740 So.2d 873 (Miss.1999).
Watts v. State, 733 So.2d 214 (Miss.1999).
West v. State, 725 So.2d 872 (Miss.1998).
Smith v. State, 724 So.2d 280 (Miss.1998).
Berry v. State, 703 So.2d 269 (Miss.1997).
Booker v. State, 699 So.2d 132 (Miss.1997).
Taylor v. State, 672 So.2d 1246 (Miss.1996).
* Shell v. State, 554 So.2d 887 (Miss.1989); Shell v. Mississippi, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding; Shell v. State, 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
* Pinkney v. State, 538 So.2d 329 (Miss.1989); Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding; Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
* Clemons v. State, 535 So.2d 1354 (Miss.1988); Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding; Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
* Jones v. State, 517 So.2d 1295 (Miss.1987); Jones v. Mississippi 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding; Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
Russell v. State, 607 So.2d 1107 (Miss.1992).
Holland v. State, 587 So.2d 848 (Miss.1991).
Willie v. State, 585 So.2d 660 (Miss.1991).
Ladner v. State, 584 So.2d 743 (Miss.1991).
Mackbee v. State, 575 So.2d 16 (Miss.1990).
Berry v. State, 575 So.2d 1 (Miss.1990).
Turner v. State, 573 So.2d 657 (Miss.1990).
State v. Tokman, 564 So.2d 1339 (Miss.1990).
Johnson v. State, 547 So.2d 59 (Miss.1989).
Williams v. State, 544 So.2d 782 (Miss.1989); sentence aff'd 684 So.2d 1179 (1996).
Lanier v. State, 533 So.2d 473 (Miss.1988).
Stringer v. State, 500 So.2d 928 (Miss.1986).
*698 Pinkton v. State, 481 So.2d 306 (Miss.1985).
Mhoon v. State, 464 So.2d 77 (Miss.1985).
Cannaday v. State, 455 So.2d 713 (Miss.1984).
Wiley v. State, 449 So.2d 756 (Miss.1984); resentencing affirmed, Wiley v. State, 484 So.2d 339 (Miss.1986); cert. denied, Wiley v. Mississippi, 479 U.S. 906 (1988); resentencing ordered, Wiley v. State, 635 So.2d 802 (Miss.1993) following writ of habeas corpus issued pursuant to Wiley v. Puckett, 969 F.2d 86, 105-106 (5th Cir.1992); resentencing affirmed.
Williams v. State, 445 So.2d 798 (Miss.1984). *Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.

. Furthermore, a lay witness’s opinion testimony "is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to the clear understanding of the testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.” M.R.E. 701. The comment to Rule 701 clarifies that the lay opinion must be the product of first-hand knowledge or observation. M.R.E. 701 cmt.

. The majority claims that Lieutenant McClenic testified only as to his "belief” and that his past personal observations and experience were adduced by defense counsel questioning. The testimony at issue is as follows:
Q. An alarm go off that night?
A. The only other person who would have gone in the building is [sic] if he got any more wrecker calls that night.
MR. RISHEL [defense counsel]: Your Honor, we object to the speculation.
THE WITNESS: Well, I know it to be a fact.
THE COURT: Overruled.
(Emphasis added.) As is also quoted by the majority, Lieutenant McClenic did not testify as to his belief, but rather affirmatively asserted that he was testifying as to fact. Part of this testimony was not adduced by defense *687 counsel questioning, but interrupted a colloquy between defense counsel and the judge.

. The majority seems to suggest that this first factor is merely a triggering mechanism. Maj. Op. ¶ 103. The majority does not actually weigh the factor in the defendant's favor, as it should. See Flores v. State, 574 So.2d 1314, 1322 (Miss.1990); see also Barker, 407 U.S. at 530, 92 S.Ct. 2182 ("The length of delay is to some extent a triggering mechanism.” (emphasis added)).

. Bailey v. State, 463 So.2d 1059 (Miss.1985).

. The majority claims that lengthy incarceration alone does not constitute prejudice, citing the plurality opinion in Johnson. Maj. Op. ¶ 108. The United States Supreme Court places no such limitations on our analysis of prejudice, but rather mandates consideration of all three interests identified, including incarceration.

. In Johnson, Presiding Justice Dickinson noted that this Court has applied the Barker factors to speedy-trial issues in fifty-eight cases since 1992, and all fifty-eight cases were decided in favor of the State. Johnson, 68 So.3d at 1248-49 (Dickinson, P.J., dissenting). Assuming that Presiding Justice Dickinson did not count Johnson itself in his calculations, that number has risen to sixty-two cases applying the Barker factors to speedy-trial issues, all sixty-two being resolved in favor of the State. See Ben, 95 So.3d 1236; Hardison v. State, 94 So.3d 1092 (Miss.2012); Bailey v. State, 78 So.3d 308 (Miss.2012); Johnson, 68 So.3d at 1239; see also Havard v. State, 94 So.3d 229 (Miss.2012) (foregoing a full Barker analysis because the defendant did not raise his speedy-trial rights at trial, and finding no plain error).

. Galloway frames this issue as an ineffective-assistance-of-counsel claim. I agree with the majority that, given the confusing nature of the state of the law on this issue in Mississippi, Galloway’s counsel was not ineffective for failing to demand an ex parte hearing. However, I believe that the underlying issue, whether a defendant is entitled to an ex parte hearing on the issue of expert funding, is important to address. I disagree with the majority’s conclusion that a defendant is not entitled to an ex parte hearing.

. While the Court in McGilberry ultimately found McGilberry’s assignment of error regarding the lack of an ex parte hearing without merit, it did so because McGilberry was relying on an expert regarding the defense of insanity, and such a defense of insanity statutorily requires notice to the State, thus “McGilberry’s strategy would have been revealed to the State prior to trial.” McGilberry, 741 So.2d at 917. The Court likewise found that McGilberry “was not prematurely forced to reveal the results of the psychological evaluation to the State.” Id.

. The United States Supreme Court acknowledged that dismissal is an "unsatisfactorily severe remedy” and means that "a defendant who may be guilty of a serious crime will go free, without having been tried.” Strunk, 412 U.S. at 439, 93 S.Ct. 2260 (internal quotations omitted). However, the Supreme Court concluded that "such severe remedies are not unique in the application of constitutional standards” and that "[i]n light of the policies which underlie the right to a speedy trial, dismissal must remain ... the only possible remedy.” Id. at 439-40, 93 S.Ct. 2260 (internal quotations omitted).